IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

FILED

July 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **LARRY J. CAWTHON,** | ) | **C.C.A. No. 02C01-9702-CR-00064** |
| | ) | |
| Appellant, | ) | **SHELBY COUNTY** |
| | ) | |
| **VS.** | ) | **HON. JOSEPH B. BROWN, JR.,** |
| | ) | **JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:                        FOR THE APPELLEE:

**WILLIAM C. GOSNELL**                     **JOHN KNOX WALKUP**
217 Exchange Avenue                         Attorney General and Reporter
Memphis, TN 38105

                                            **DEBORAH A. TULLIS**
                                            Assistant Attorney General
                                            450 James Robertson Parkway
                                            Nashville, TN 37243-0493

                                            **WILLIAM L. GIBBONS**
                                            District Attorney General

                                            **JOHN CAMPBELL**
                                            Assistant District Attorney General
                                            201 Poplar Avenue, Suite 301
                                            Memphis, TN 38103

**OPINION FILED:** _____

**AFFIRMED - RULE 20 ORDER**

**JOE G. RILEY,**
**JUDGE**

**O R D E R**

This is an appeal from the denial of post-conviction relief. Convicted of criminal attempt to commit rape and sentenced to twelve (12) years as a Range III, Persistent Offender, petitioner alleges he was deprived of effective assistance of counsel at his trial. He further contends the indictment is void. We AFFIRM pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

Firstly, we note that petitioner does not make appropriate references to the record in support of his argument as required by Tenn. R. App. P. 27(a)(7). The issues are, therefore, waived. Rule 10(b), Tennessee Court of Criminal Appeals. We will, nevertheless, address the issues.

As to petitioner's allegations of ineffective assistance of counsel, the trial court found that trial counsel conducted adequate discovery, conducted an appropriate investigation, properly discussed the case with petitioner and adequately cross-examined the victim regarding her identification of the defendant. The trial court concluded that petitioner indeed received effective assistance of counsel at his trial. The record supports this finding.

Petitioner also attacks counsel's failure to request a special jury instruction on eyewitness identification. State v. Dyle, 899 S.W.2d 607, 613-14 (Tenn.1995), promulgated a new jury instruction on eyewitness identification; however, petitioner's case was tried and affirmed on appeal prior to the filing of the Dyle opinion. Counsel was not ineffective for failing to request a special jury instruction on eyewitness identification.

As to the sufficiency of the indictment, petitioner contends his trial counsel was ineffective for failing to attack the indictment by pre-trial motion. This issue was waived by the failure to present it to the post-conviction court. Tenn. R. App. P. 36(a). Furthermore, petitioner's allegation that the indictment is fatally deficient due to the failure to allege the requisite *mens rea* is without merit. *See* State v. Phillip Ray Griffis, C.C.A. No. 01C01-9506-CC-00201 (Tenn. Crim. App. filed April 30, 1997, at Nashville); State v. David L. McClure, C.C.A. No. 01C01-9505-CR-00145 (Tenn. Crim.

2

App. filed April 30, 1997, at Nashville); <u>Turner v. Harrison</u>, C.C.A. No. 02C01-9701-CC-00025 (Tenn. Crim. App. filed April 17, 1997, at Jackson).

After a thorough review of the records, briefs, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE